## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| MJ ENTERPRISE HOLDINGS, INC., a Maryland corporation, et al., | |
| Plaintiffs, | |
| v. | Case No: 1:24-cv-03194-RDB MJ |
| SPIFFY FRANCHISING, LLC, a Delaware limited liability company, et al., | |
| Defendants. | |

### ANSWER TO COMPLAINT

Defendants Spiffy Franchising, LLC, Get Spiffy, Inc., Scot Wingo, Karl Murphy, and Connor Finnegan ("Defendants"), by and through undersigned counsel, submit this Answer to Plaintiffs MJ Enterprise Holdings, Inc.'s ("MJEH") and Ross Markajani's ("Mr. Markajani") (collectively "Plaintiffs") Complaint as follows:

### THE PARTIES

1.      Defendants lack sufficient knowledge or information about the current status of MJEH as a corporate entity and therefore the allegations of Paragraph 1 are denied.

2.      Defendants admit the allegations of Paragraph 2, upon information and belief.

3.      Defendants admit the allegations of Paragraph 3.

4.      Defendants admit the allegations of Paragraph 4.

5.      Defendants admit that (i) Scot Wingo ("Mr. Wingo") is a citizen and resident of North Carolina, (ii) he was a Co-Founder of Get Spiffy, Inc. ("Get Spiffy"), (iii) at relevant times he was CEO of Get Spiffy, (iv) at relevant times he was the Secretary and a Chairman of the Board for Get Spiffy, and (v) at relevant times he served as the CEO of Spiffy Franchising, LLC ("Spiffy Franchising"). Defendants deny all remaining allegations of Paragraph 5, as stated.

6.      Defendants admit that Karl Murphy ("Mr. Murphy) is a citizen and resident of North Carolina, and at relevant times he was the President and Co-Founder of Get Spiffy and at relevant times was the President of Spiffy Franchising. Defendants deny all remaining allegations of Paragraph 6, as stated.

7.      Defendants admit that Connor Finnegan ("Mr. Finnegan") is a citizen and resident of North Carolina and at relevant times was the Vice President of Strategy and Head of Spiffy Dealer Solutions at Get Spiffy and the Vice President of Strategy for Spiffy Franchising. Defendants deny all remaining allegations of Paragraph 7, as stated.

8.      Defendants lack sufficient knowledge or information regarding the allegations in Paragraph 8 and the same are therefore denied.

9.      Defendants admit only that at relevant times Mr. Wingo, Mr. Murphy, and Mr. Finnegan have been agents, officers and/or employees of Spiffy Franchising and Get Spiffy and have held the titles with respect to those entities as admitted herein.   Defendants deny the allegations of Paragraph 9 except as expressly admitted.

## RESPONSE TO NATURE OF THE ACTION

10.     Defendants admit that: (i) Get Spiffy provides mobile, on demand, and environmentally friendly car care services, including wash, detail, oil change, tire installation and repair, and fueling (herein "Spiffy Business"), (ii) Get Spiffy owns and operates all corporate markets operating the Spiffy Business, (iii) Get Spiffy owns all intellectual property relating to the Spiffy Business, (iv) Spiffy Franchising is a wholly owned subsidiary of Get Spiffy, (v) Spiffy Franchising is the "Franchisor" pursuant to a written franchise agreement with MJEH, and (vi) Spiffy Franchising franchises other Spiffy Businesses in addition to MJEH. Defendants deny the allegations of Paragraph 10 except as expressly admitted.

11.    Defendants admit that (i) potential franchisees are not required to have prior sales experience, (ii) upon information and belief, Mr. Markajani learned of Spiffy Franchising through a Facebook advertisement, and (iii) Mr. Markajani attended a Spiffy Franchising Discovery Day on March 3, 2022. Defendants deny the allegations of Paragraph 11 except as expressly admitted.

12.    Defendants admit that Plaintiffs signed a written franchise agreement with Spiffy Franchising on March 9, 2022 ("Franchise Agreement") and Plaintiffs began servicing vehicles for customers in mid-August 2022. Defendants deny the allegations of Paragraph 12 except as expressly admitted.

13.    Defendants admit Plaintiffs were only provided one van in August 2022 because of supply chain delays beyond Defendants' control. Defendants deny the allegations of Paragraph 13 except as expressly admitted.

14.    Defendants admit that Get Spiffy and Spiffy franchisees had preferred vendor status with various national accounts, but that this did not guarantee business as each franchisee had to visit the national accounts and win their business.  Defendants deny the allegations of Paragraph 14 except as expressly admitted.

15.    Defendants deny the allegations of Paragraph 15.

16.    Defendants deny the allegations of Paragraph 16.

17.    Defendants admit, upon information and belief, that Plaintiffs did not have experience operating a mobile-vehicle care and service business prior to signing the Franchise Agreement and that no prior experience was necessary to become a franchisee. Defendants deny the allegations of Paragraph 17 except as expressly admitted.

18.    Defendants deny the allegations of Paragraph 18.

19.    Defendants deny the allegations of Paragraph 19.

## RESPONSE TO JURISDICTION AND VENUE

20.     Defendants contend the claims asserted by Plaintiffs are required to be submitted to binding arbitration pursuant to Section 21(b) of the Franchise Agreement. For this reason, Defendants admit only that this Court has jurisdiction pursuant to the Federal Arbitration Act to take action to compel arbitration of the Plaintiffs' claims alleged herein and to stay this litigation. Defendants have filed with the Court a motion to compel arbitration and stay this proceeding. Defendants deny the allegations of Paragraph 20 except as expressly admitted.

21.     Defendants contend the claims asserted by Plaintiffs are required to be submitted to binding arbitration pursuant to Section 21(b) of the Franchise Agreement. For this reason, Defendants admit only that this Court has jurisdiction pursuant to the Federal Arbitration Act to take action to compel arbitration of the Plaintiffs' claims alleged herein and to stay this litigation. Defendants have filed with the Court a motion to compel arbitration and stay this proceeding. Defendants deny the allegations of Paragraph 21 except as expressly admitted.

22.     Defendants contend the claims asserted by Plaintiffs are required to be submitted to binding arbitration pursuant to Section 21(b) of the Franchise Agreement. For this reason, Defendants admit only that this Court has jurisdiction pursuant to the Federal Arbitration Act to take action to compel arbitration of the Plaintiffs' claims alleged herein and to stay this litigation. Defendants have filed with the Court a motion to compel arbitration and stay this proceeding. Defendants deny the allegations of Paragraph 22 except as expressly admitted.

23.     Defendants deny the allegations of Paragraph 23. Plaintiffs' claims are subject to a mandatory arbitration provision in the Franchise Agreement.

24.     Defendants admit only that Get Spiffy and Spiffy Franchising are subject to the personal jurisdiction of this Court for the purpose of the Court ruling pursuant to the Federal

Arbitration Act on a motion to compel arbitration of the claims alleged in this matter. Defendants deny the allegations of Paragraph 24 except as expressly admitted.

25.     Defendants admit only that Mr. Wingo is subject to the personal jurisdiction of this Court for the purpose of the Court ruling pursuant to the Federal Arbitration Act on a motion to compel arbitration of the claims alleged in this matter. Defendants deny the allegations of Paragraph 25 except as expressly admitted.

26.     Defendants admit only that Mr. Murphy is subject to the personal jurisdiction of this Court for the purpose of the Court ruling pursuant to the Federal Arbitration Act on a motion to compel arbitration of the claims alleged in this matter. Defendants deny the allegations of Paragraph 26 except as expressly admitted.

27.     Defendants admit only that Mr. Finnegan is subject to the personal jurisdiction of this Court for the purpose of the Court ruling pursuant to the Federal Arbitration Act on a motion to compel arbitration of the claims alleged in this matter. Defendants deny the allegations of Paragraph 27 except as expressly admitted.

## RESPONSE TO FACTUAL ALLEGATIONS

**A.     Spiffy Utilized Fraudulent Business Practices to Entice MJ Enterprise Holdings to Become a Spiffy Franchisee (DENIED BY ALL DEFENDANTS).**

28.     Defendants admit that, (i) upon information and belief, Mr. Markajani learned of Spiffy Franchising through a Facebook advertisement, (ii) he attended a Spiffy Franchise Discovery Day in early March 2022, and (iii) signed the Franchise Agreement on March 9, 2022. Defendants deny the allegations of Paragraph 28 except as expressly admitted.

29.     Defendants deny the allegations of Paragraph 29, as stated.

30.     Defendants admit that franchisees are required to store oil as part of their business. Defendants lack sufficient knowledge or information regarding the remaining allegations of

Paragraph 30 and the same are therefore denied, except that Defendants expressly deny the allegation that "significant excess" was required to meet "Spiffy's ineffective mandates."

31.    Defendants admit they provided substantial training to Plaintiffs before and after the franchise launch. Defendants deny the allegations of Paragraph 31 except as expressly admitted.

32.    Defendants deny the allegations of Paragraph 32.

33.    Defendants admit the franchise launch occurred on or about August 15, 2022 and that phones arrived after that date. Defendants deny the allegations of Paragraph 33 except as expressly admitted.

34.    Defendants admit that (i) Plaintiffs were only provided with one van in August 2022 because of supply chain delays beyond Defendants' control, (ii) Spiffy Franchising built and supplied Plaintiffs with an oil cart in September 2022 so Plaintiffs would have two assets to provide service, and (iii) the second van was provided to Plaintiffs in January 2023. Defendants deny the allegations of Paragraph 34 except as expressly admitted.

35.    Defendants admit that due to delays beyond their control, Plaintiffs were provided with a van from Get Spiffy's Delaware location as a temporary solution and, upon information and belief, the VMAC System was not functioning properly. Defendants deny the allegations of Paragraph 35 except as expressly admitted.

36.    Defendants admit Plaintiffs were provided with an oil cart to service vehicles while waiting on the completion of the second van. Defendants lack sufficient knowledge or information regarding the remaining allegations of Paragraph 36 and the same are therefore denied.

37.     Defendants admit, upon information and belief, only that Plaintiffs received a second van in mid-January 2023.  Defendants deny the allegations of Paragraph 37 except as expressly admitted.

**B.     Spiffy Continued Its Fraudulent and Misleading Business Practices (DENIED BY ALL DEFENDANTS)**

      **i.     Spiffy Vans**

38.     Defendants deny the allegations of Paragraph 38.

39.     Defendants deny the allegations of Paragraph 39.

40.     Defendants deny the allegations of Paragraph 40.

41.     Defendants admit that Plaintiffs leased their service vans from Mike Albert Leasing pursuant to a written lease agreement to which Defendants are not a party and Plaintiffs amortized the upfit cost of the vans over the lease term. Defendants deny the allegations of Paragraph 41 except as expressly admitted.

42.     Defendants deny the allegations of Paragraph 42.

43.     Defendants deny the allegations of Paragraph 43.

      **ii.     Spiffy Fleet Accounts**

          **a.   Enterprise Rent-a-Car**

44.     Defendants admit that the Franchise Agreement sets forth certain requirements of Plaintiffs with respect to service of "National Accounts." Those requirements are in writing and are the best evidence of their contents. Defendants deny the allegations of Paragraph 44 except as expressly admitted.

45.     Defendants deny the allegations of Paragraph 45.

46.     Defendants deny the allegations of Paragraph 46.

47.     Defendants lack sufficient knowledge or information regarding the allegations of Paragraph 47 and the same are therefore denied.

**b.  Amazon**

48.      Defendants admit Get Spiffy and Spiffy Franchising were at all relevant times an Amazon Delivery Service Partner fleet approved vendor.  Defendants deny the allegations of Paragraph 48 except as expressly admitted.

49.     Defendants admit, upon information and belief, that Plaintiffs independently operated as an Amazon DSP fleet and Plaintiffs did service their Amazon fleet while a franchisee. Defendants deny the allegations of Paragraph 49 except as expressly admitted.

50.     Upon information and belief, Plaintiffs did service their own Amazon DSP fleet. Defendants deny the allegations of Paragraph 50 except as expressly admitted.

51.     Defendants deny the allegations of Paragraph 51.

52.     Defendants deny the allegations of Paragraph 52.

53.     Defendants deny the allegations of Paragraph 53.

54.     Defendants admit a "Free Wash" with oil change promotion was implemented for Amazon fleet owners and that the price of the oil change was increased, which price increase was known by all franchisees and approved by the Amazon fleet management company. Defendants deny the allegations of Paragraph 54 except as expressly admitted.

55.     Defendants deny the allegations of Paragraph 55.

56.     Defendants deny the allegations of Paragraph 56.

**iii.    Spiffy's Accounting Practices**

57.     Defendants deny the allegations of Paragraph 57.

58.     Defendants admit that (i) retail service customers and National Account customers would make payments online or through the Spiffy application, (ii) those payments would be sent directly to Spiffy Franchising, and (iii) Spiffy Franchising would take out the royalty payment and then pay MJEH weekly. Defendants deny the allegations of Paragraph 58 except as expressly admitted.

59.     Defendants deny the allegations of Paragraph 59.

60.     Defendants deny the allegations of Paragraph 60.

61.     Defendants deny the allegations of Paragraph 61.

**iv.     Spiffy's Sales & Marketing Tactics**

62.     Defendants deny the allegations of Paragraph 62.

63.     Defendants deny the allegations of Paragraph 63.

64.     Defendants deny the allegations of Paragraph 64.

65.     Defendants lack sufficient knowledge or information regarding the allegations of Paragraph 65 and the same are therefore denied.

66.     Defendants lack sufficient knowledge or information regarding the allegations of Paragraph 66 and the same are therefore denied.

67.     Defendants deny the allegations of Paragraph 67.

**v.     Spiffy's Technical Issues**

68.     Defendants deny the allegations of Paragraph 68.

69.     Defendants admit Plaintiffs submitted approximately 10-11 help desk tickets, all of which were promptly resolved. Defendants deny the allegations of Paragraph 69 except as expressly admitted.

70.     Defendants deny the allegations of Paragraph 70.

71.     Defendants deny the allegations of Paragraph 71.

72.     Defendants deny the allegations of Paragraph 72.

**C.**    **Spiffy's Practices Forced MJ Enterprise Holdings to Cease Operations (DENIED BY ALL DEFENDANTS)**

73.     Defendants admit that Plaintiffs abandoned their franchise on or about June 23, 2023, a mere 10 months after launch of the franchise, constituting a breach of the terms of the Franchise Agreement.   Defendants deny the allegations of Paragraph 73 except as expressly admitted.

74.     Defendants deny the allegations of Paragraph 74.

75.     Defendants admit that (i) Get Spiffy operated two temporary locations out of storage units in Syracuse and Rochester and (ii) subsequently a franchise in Buffalo, New York took that territory and also operated the two remote locations in Syracuse and Rochester from storage units while maintaining a primary warehouse location in Buffalo. Defendants also admit that contrary to Defendants' advice and instruction, a franchisee in San Jose, California operated out of a storage unit. Defendants deny the allegations of Paragraph 75 except as expressly admitted.

76.     Defendants admit Get Spiffy offered Plaintiffs the opportunity to operate a territory in Delaware and that Plaintiffs declined the opportunity.   Defendants deny the allegations of Paragraph 76 except as expressly admitted.

77.     Defendants deny the allegations of Paragraph 77.

78.     Defendants deny the allegations of Paragraph 78.

**D.**    **Spiffy's Fraudulent Misrepresentations (DENIED BY ALL DEFENDANTS)**

79.     Defendants deny the allegations of Paragraph 79.

80.     Defendants deny the allegations of Paragraph 80 and deny all allegations in Subparagraphs (a) through (g).

81.     Defendants deny the allegations of Paragraph 81.

82.     Defendants deny the allegations of Paragraph 82.

83.     Defendants deny the allegations of Paragraph 83.

84.     Defendants deny the allegations of Paragraph 84.

85.     Defendants deny the allegations of Paragraph 85.

86.     Plaintiffs' allegations in Paragraph 86 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny they have violated Maryland law in any way.

87.     Plaintiffs' allegations in Paragraph 87 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny they have violated state or federal law in any way.

88.     Defendants deny the allegations of Paragraph 88 and deny they have violated any regulation in any way.

89.     Plaintiffs' allegations in Paragraph 89 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny they have violated any Federal Trade Commission regulations or any other law in any way.

90.     Defendants deny the allegations of Paragraph 90.

91.     Defendants deny the allegations of Paragraph 91.

92.     Defendants deny the allegations of Paragraph 92.

93.     Defendants deny the allegations of Paragraph 93.

94.     Defendants deny the allegations of Paragraph 94.

95.     Defendants deny the allegations of Paragraph 95.

**RESPONSE TO FIRST CLAIM FOR RELIEF**
**Alleged Fraudulent Inducement**
**(Against All Defendants)**

96.     Defendants incorporate herein by reference their responses to Paragraphs 1 through 95 of the Complaint in response to the allegations of Paragraph 96.

97.     Defendants deny the allegations of Paragraph 97.

98.     Defendants deny the allegations of Paragraph 98.

99.     Defendants deny the allegations of Paragraph 99.

100.    Defendants deny the allegations of Paragraph 100.

101.    Defendants deny the allegations of Paragraph 101.

102.    Defendants deny the allegations of Paragraph 102.

103.    Defendants deny the allegations of Paragraph 103.

104.    Defendants deny the allegations of Paragraph 104.

105.    Defendants deny the allegations of Paragraph 105.

106.    Defendants deny the allegations of Paragraph 106.

**RESPONSE TO SECOND CLAIM FOR RELIEF**
**Alleged Negligent Misrepresentation**
**(Against All Defendants)**

107.    Defendants incorporate herein by reference their responses to Paragraphs 1 through 106 of the Complaint in response to the allegations of Paragraph 107.

108.    Defendants deny the allegations of Paragraph 108.

109.    Defendants deny the allegations of Paragraph 109.

110.    Defendants deny the allegations of Paragraph 110.

111.    Defendants deny the allegations of Paragraph 111.

112.    Defendants deny the allegations of Paragraph 112.

113.    Defendants deny the allegations of Paragraph 113.

114.    Defendants deny the allegations of Paragraph 114.

115.    Defendants deny the allegations of Paragraph 115.

**RESPONSE TO THIRD CLAIM FOR RELIEF**
**Alleged Fraudulent Concealment**
**(Against All Defendants)**

116.    Defendants incorporate herein by reference their responses to Paragraphs 1 through

115 of the Complaint in response to the allegations of Paragraph 116.

117.    Defendants deny the allegations of Paragraph 117.

118.    Defendants deny the allegations of Paragraph 118.

119.    Defendants deny the allegations of Paragraph 119.

120.    Defendants deny the allegations of Paragraph 120.

121.    Defendants deny the allegations of Paragraph 121.

122.    Defendants deny the allegations of Paragraph 122.

123.    Defendants deny the allegations of Paragraph 123.

124.    Defendants deny the allegations of Paragraph 124.

125.    Defendants deny the allegations of Paragraph 125.

126.    Defendants deny the allegations of Paragraph 126.

127.    Defendants deny the allegations of Paragraph 127.

128.    Defendants deny the allegations of Paragraph 128.

**RESPONSE TO FOURTH CLAIM FOR RELIEF**
**Alleged Violation of MFLS – Maryland Code, Business Regulation Section 14-277 et. seq.**
**(Against All Defendants)**

129.    Defendants incorporate herein by reference their responses to Paragraphs 1 through

128 of the Complaint in response to the allegations of Paragraph 129.

130.    Plaintiffs' allegations in Paragraph 130 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny they have violated Maryland law in any way.

131.    Defendants deny the allegations of Paragraph 131.

132.    Defendants deny the allegations of Paragraph 132.

133.    Defendants deny the allegations of Paragraph 133.

134.    Defendants deny the allegations of Paragraph 134.

135.    Defendants deny the allegations of Paragraph 135.

**RESPONSE TO FIFTH CLAIM FOR RELIEF**
**Alleged Violation Maryland Consumer Protection Act**
**Commercial Law, Title 13, Section 13-303**
**(Against All Defendants)**

136.    Defendants incorporate herein by reference their responses to Paragraphs 1 through 135 of the Complaint in response to the allegations of Paragraph 136.

137.    Defendants deny the allegations of Paragraph 137.

138.    Defendants deny the allegations of Paragraph 138.

139.    Defendants deny the allegations of Paragraph 139.

140.    Defendants deny the allegations of Paragraph 140.

141.    Defendants deny the allegations of Paragraph 141.

142.    Defendants deny the allegations of Paragraph 142.

143.    Defendants deny the allegations of Paragraph 143.

**RESPONSE TO SIXTH CLAIM FOR RELIEF**
**Alleged Breach of Contract**
**(Against Get Spiffy and Spiffy Franchising)**

144.    Defendants incorporate herein by reference their responses to Paragraphs 1 through 143 of the Complaint in response to the allegations of Paragraph 144.

145.    Defendants admit that the Franchise Agreement is in writing and is the best evidence of its contents, including any obligations on Get Spiffy and/or Spiffy Franchising. Defendants deny the allegations of Paragraph 145 except as expressly admitted and specifically deny that Get Spiffy or Spiffy Franchising have breached any contractual obligations in the Franchise Agreement.

146.    Defendants deny the allegations of Paragraph 146.

147.    Defendants deny the allegations of Paragraph 147.

148.    Defendants deny the allegations of Paragraph 148.

149.    Defendants deny the allegations of Paragraph 149.

150.    Defendants deny the allegations of Paragraph 150.

151.    Defendants deny the allegations of Paragraph 151.

**RESPONSE TO SEVENTH CLAIM FOR RELIEF**
**Alleged Accounting**
**(Against Get Spiffy and Spiffy Franchising)**

152.    Defendants incorporate herein by reference their responses to Paragraphs 1 through 151 of the Complaint in response to the allegations of Paragraph 152.

153.    Defendants admit the Franchise Agreement is a written contract between MJEH and Spiffy Franchising and that Mr. Markajani is a guarantor of MJEH's contractual obligations. Defendants deny the allegations of Paragraph 153 except as expressly admitted.

154.    Defendants deny the allegations of Paragraph 154.

155.    Defendants deny the allegations of Paragraph 155.

156.    Defendants deny the allegations of Paragraph 156.

157.    Defendants deny the allegations of Paragraph 157.

158.    Defendants deny the allegations of Paragraph 158.

**RESPONSE TO EIGHTH CLAIM FOR RELIEF**
**Alleged Rescission**
**(Against Get Spiffy and Spiffy Franchising)**

159.     Defendants incorporate herein by reference their responses to Paragraphs 1 through 158 of the Complaint in response to the allegations of Paragraph 159.

160.     Defendants deny the allegations of Paragraph 160.

161.     Defendants deny the allegations of Paragraph 161.

162.     Defendants deny the allegations of Paragraph 162.

**RESPONSE TO NINTH CLAIM FOR RELIEF**
**Alleged Violation of the Racketeer Influenced and Corrupt Organizations Act –**
**18 U.S.C. § 1961, et. seq.**
**(Against All Defendants)**

163.     Defendants incorporate herein by reference their responses to Paragraphs 1 through 162 of the Complaint in response to the allegations of Paragraph 163.

164.     Defendants deny the allegations of Paragraph 164.

165.     Defendants deny the allegations of Paragraph 165.

166.     Defendants deny the allegations of Paragraph 166.

167.     Defendants deny the allegations of Paragraph 167.

168.     Defendants deny the allegations of Paragraph 168.

169.     Defendants deny the allegations of Paragraph 169.

170.     Defendants deny the allegations of Paragraph 170.

171.     Defendants deny the allegations of Paragraph 171.

172.     Defendants deny the allegations of Paragraph 172.

173.     Defendants deny the allegations of Paragraph 173.

174.     Defendants deny the allegations of Paragraph 174.

175.     Defendants deny the allegations of Paragraph 175.

## FIRST ADDITIONAL DEFENSE

All allegations in the Complaint against or relating in any way to all Defendants are denied except as otherwise expressly set forth herein.

## SECOND ADDITIONAL DEFENSE

A valid and enforceable Franchise Agreement exists between Spiffy Franchising and MJEH, to which Mr. Markajani is a guarantor. For the reasons set forth in Defendants' Motion to Compel Arbitration and for Stay, all of Plaintiffs' claims in this matter are subject to a binding arbitration provision and pursuant to the Federal Arbitration Act and other applicable law this Court should compel arbitration of Plaintiffs' claims and stay this litigation.

## THIRD ADDITIONAL DEFENSE

Plaintiffs' claims in this matter are barred by the applicable contractual limitations period set forth in Section 21(i) of the Franchise Agreement because the claims asserted by Plaintiffs arise out of or relate to the Franchise Agreement, the relationship of the parties and the operation of the franchised business and Plaintiffs have failed to bring those claims within one year of the occurrence of the facts giving rise to the claims.

## FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims for punitive, consequential, multiple, incidental, or other damages in excess of economic damages actually sustained by Plaintiffs are barred pursuant to the express provisions of Sections 21(f) and 21(g) of the Franchise Agreement. In addition, Plaintiffs have failed to plead claims for any alleged (but denied) special damages with the requisite specificity required by Rule 9(g) of the Federal Rules of Civil Procedure and the same are therefore barred.

## FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred to the extent they have failed to take appropriate action since the termination of the Franchise Agreement and their cessation of business to mitigate their damages in any way.

## SIXTH ADDITIONAL DEFENSE

If the Court finds that Defendants were in any way negligent or committed any improper act (which is denied), the alleged but denied negligence or improper act was not a proximate cause of the alleged but denied damages of Plaintiffs.

## SEVENTH ADDITIONAL DEFENSE

Plaintiffs' claims for fraud are barred on the grounds that Plaintiffs have failed to, and cannot, assert fraud against any of the Defendants with particularity as required by Fed. R. Civ. P. 9(b). Defendants reserve all rights to seek dismissal of Plaintiffs' claims for fraud on the grounds that the allegations do not comply with the referenced particularity requirements.

## EIGHTH ADDITIONAL DEFENSE

Plaintiffs' claims in their Ninth Claim for Relief (Violation of the Racketeer Influenced and Corrupt Organization Act) are barred on the following grounds:

1.    Plaintiffs have failed to comply with the heightened pleading standards required pursuant to the applicable statutes and Fed. R. Civ. P. 9(b). Plaintiffs' purported allegations are based on fraud, but Plaintiffs have failed to allege with any particularity whatsoever the factual basis for such claims and have only stated broad, generic and conclusory allegations.

2.    Plaintiffs have not alleged any allegations to support the requisite intent to commit the alleged acts.

3. Plaintiffs have not alleged any common proof to support the but-for causation requirement of Plaintiffs' alleged (but denied) claims.

## NINTH ADDITIONAL DEFENSE

Plaintiffs' purported claims against Defendants for punitive damages are barred to the extent that they are inconsistent with N.C. Gen. Stat. § 1D-1 *et seq.*, the due process clause of the United States Constitution, relevant portions of the North Carolina Constitution and any other law that may be applicable to Plaintiffs' purported claims. Defendants reserve all rights under N.C. Gen. Stat. § 1D-1 *et seq.*, including the right to bifurcation at trial and the right to require Plaintiffs to elect remedies.

## TENTH ADDITIONAL DEFENSE

Plaintiffs claims against all Defendants are barred on the grounds that all actions taken by Defendants prior to, and during, the franchise business relationship were taken for legitimate business reasons.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiffs claims are barred on the grounds of unclean hands in that Plaintiffs' own wrongful, improper, and/or negligent actions and their failure to properly operate their franchise business in accordance with Spiffy Franchising's business model and standards are a breach of the franchise agreement and the proximate cause of the alleged damages Plaintiffs assert.

## TWELFTH ADDITIONAL DEFENSE

Defendants reserve the right to assert additional defenses for claims as the evidence in the action warrants.

WHEREFORE, Defendants respectfully pray the Court as follows:

1.    For an order compelling this case to arbitration as required by the terms of the Franchise Agreement and staying this litigation pending the outcome of the arbitration proceedings.

2.    For a judgment dismissing all claims against all Defendants and providing that Plaintiffs have and recover nothing against Defendants in this action.

3.    For a judgment taxing against Plaintiffs all taxable costs in this action, including Defendants' reasonable attorneys' fees and other litigation expenses pursuant to the terms of the Franchise Agreement and as permitted by applicable law.

4.    For such other and further relief in favor of Defendants as may be appropriate.

Dated: February 21, 2025          */s/ William S. Cherry III* _____

William S. Cherry III
appearance *pro hac vice*
N.C. State Bar # 33860
MANNING, FULTON & SKINNER, P.A.
3605 Glenwood Avenue, Suite 500 (27612)
Post Office Box 20389
Raleigh, North Carolina 27619-0389
Telephone: (919) 787-8880
Facsimile:  (919) 325-4600
E-Mail:  cherry@manningfulton.com

*Attorneys for Defendants Spiffy Franchising, LLC, Get Spiffy, Inc., Scot Wingo, Karl Murphy, and Connor Finnegan*


Dated: February 21, 2025          KAUFMAN DOLOWICH LLP

*/s/ Kristen S. Swift* _____
Kristen S. Swift (Fed. Bar No.: 31429)
222 Delaware Ave., Suite 720
Wilmington, DE 19801
Telephone: 302-421-0986
Fax: 302-485-1511
Kristen.Swift@kaufmandolowich.com

*Attorneys for Defendants Spiffy Franchising, LLC, Get Spiffy, Inc., Scot Wingo, Connor Finnegan, and Karl Murphy*

21