IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MJ ENTERPRISE HOLDINGS, INC.**, *et al.*, | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| v. | Civil No. 1:24-cv-3194-RDB |
| | * |
| **SPIFFY FRANCHISING, LLC**, *et al.*, | * |
| | * |
| **Defendants.** | * |

\* \* \*

## MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is Defendants' request to stay all discovery deadlines pending the Court's resolution of Defendants' Motion to Compel Arbitration and for Stay.[1] *See* ECF 22. Upon receiving email notice from the parties regarding this discovery dispute, I scheduled a telephone conference and directed the parties to submit brief letters outlining their positions. On March 7, 2025, I held a hearing by telephone conference with counsel for the parties. This opinion memorializes the rulings I issued at the conclusion of the hearing. For the reasons stated during the telephone conference and below, Defendants' request for a stay is GRANTED, and all deadlines imposed by the Scheduling Order are STAYED pending resolution of Defendants' Motion to Compel Arbitration. If the Court denies the Motion to Compel and this action remains pending in this Court, the parties are DIRECTED to contact the Court within fourteen (14) days to propose a new scheduling order and to request that the Court lift the stay.

---

[1] On March 4, 2025, Judge Bennett, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, referred this case to me for "[a]ll discovery and related scheduling matters." ECF 31.

I.      **BACKGROUND**

On November 4, 2024, Plaintiffs filed this diversity action against Defendants, alleging Defendants' engagement in fraudulent conduct, misrepresentation, and other unlawful actions arising from an apparent business relationship.  *See* Compl., ECF 1.  On February 21, 2025, Defendants filed an answer as well as their Motion to Compel Arbitration and for Stay.  *See* ECFs 22, 26.  Defendants contend that the parties' relationship arises from a franchise agreement containing an arbitration provision.  ECF 23, at 1-2.  Upon the filing of Defendants' answer, the Court entered an initial scheduling order, which authorized discovery to commence and set several deadlines, including a March 10, 2025 deadline for requests to modify the initial scheduling order.  ECF 29, at 1.

Defendants now seek a stay of all discovery.  They argue that Fourth Circuit courts stay discovery pending a fully dispositive motion, finding that judicial economy, the balance of hardships and equitable interests, and the lack of undue prejudice on non-movants weigh in favor of a stay.  *See Warner v. Midland Funding, LLC*, No. 18-727, 2019 WL 8560152, at *2 (M.D.N.C. Mar. 18, 2019); *Williamsport Realty, LLC v. LKQ Penn-Mar, Inc.*, No. 14-118, 2014 WL 1259396, at *1 (N.D. W. Va. Dec. 16, 2014); *see also Stone v. Trump*, 356 F. Supp. 3d 505, 513 (D. Md. 2018).  Plaintiffs oppose, based on their concerns that a stay (i) impacts their ability to "gather critical evidence" of fraudulent conduct from Defendants and third parties; (ii) does not impose undue prejudice on the Defendants; and (iii) protects a public interest in resolving alleged "widespread fraudulent and deceptive conduct."  After hearing from the parties, I granted Defendants' request to stay, explained my reasoning, and advised that a written order would follow.

## II.     LEGAL STANDARD

It is axiomatic that "[d]istrict courts enjoy substantial discretion in managing discovery[.]" *Pac. Life Ins. Co. v. Wells Fargo Bank, NA*, 702 F. Supp. 3d 370, 376 (D. Md. 2023) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Univ. Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  Courts within the Fourth Circuit recognize that Federal Rule of Civil Procedure 26(c) confers authority and discretion to stay discovery pending the resolution of dispositive motions.  *Wymes v. Lustbader*, No. 10-1629, 2012 WL 1819836, at *4 (D. Md. May 16, 2012); *Sheehan v. United States*, No. 11-170, 2012 WL 1142709, at *1 (N.D. W. Va. Apr. 4, 2012) ("It is well-settled that '[a] protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion.'" (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003))).

Under Rule 26(c), the movant must demonstrate "good cause" to "protect a party or person from . . . undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A)-(B).  This requires not merely "stereotyped and conclusory statements" but "particular and specific demonstrations of fact as to why a protective order staying discovery should issue." *Wymes*, 2012 WL 1819836, at *3 (internal quotation marks, alterations, and citations omitted).  The good cause requirement "creates a rather high hurdle for [the movant]," *id.*, yet courts enjoy broad discretion in deciding

whether to grant or deny a motion to stay discovery. *Id.* (quoting *Furlow v. United States*, 55 F. Supp. 2d 360, 366 (D. Md. 1999)).

In this Circuit, district courts assess the following considerations when determining whether a stay is appropriate: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and,] (3) potential prejudice to the non-moving party." *Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 525 (E.D. Va. 2018) (internal quotation marks and citations omitted); *see also Wymes*, 2012 WL 1819836, at *3 ("The moving party must come forward with a specific factual showing that the interest of justice and considerations of prejudice and undue burden to the parties require a protective order and that the benefits of a stay outweigh the cost of delay."). "A court should generally deny a stay of discovery 'if discovery is needed in defense of the motion, or if resolution of the motion will not dispose of the entire case.'" *Hardwire, LLC v. Ebaugh*, No. JKB-20-0304, 2021 WL 1909792, at *2 (D. Md. May 12, 2021) (quoting *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 203 (D. Md. 2006)).

### III.  ANALYSIS

Based on the nature of the dispute and the current procedural posture, I find good cause to stay discovery pending the resolution of Defendants' Motion to Compel Arbitration. As Judge Grimm observed in *Wymes*, "it is not uncommon" for courts to stay discovery pending resolution of dispositive motions. 2012 WL 1819836, at *4 (citations omitted). Several judges in this District have done so. *See Balt. Gas and Elec. Co. v. Rand Constr. Co.*, No. 24-1467-RDB, 2024 WL 4349641, at *3-4 (D. Md. Sept. 30, 2024) (staying discovery until resolution of a pending motion for judgment on the pleadings); Letter Order, *Johnson v. Duncan*, No. 15-1820-GJH (D. Md. May 19, 2016), ECF 39 ("Because Defendants will file a motion on an issue that may be dispositive in this case, a stay of discovery is warranted."); *Cognate BioServices, Inc. v. Smith*,

No. WDQ-13-1797, 2015 WL 5673067, at *4-5 (D. Md. Sept. 23, 2015) (Sullivan, M.J.) (staying discovery until resolution of a pending motion to dismiss); Letter Order, *Doodson Ins. Brokerage of TX, LLC v. Indem. Ins. Corp., RRG*, No. 12-1606-WDQ (D. Md. Jan. 7, 2013), ECF 68 (granting a motion for protective order as to discovery not yet due and noticed depositions). Other courts in this Circuit have stayed discovery during the pendency of a motion to compel arbitration. *See, e.g.,* Order, *Roper v. Oliphant Fin., LLC*, No. 23-2112-BAH (D. Md. Mar. 12, 2024), ECF 30; *Mystic Retreat Med Spa & Weight Loss Ctr. v. Ascentium Cap., LLC*, No. 21-515, 2022 WL 16836202, at *1-2 (M.D.N.C. Sept. 15, 2022); *Evans v. TRG Customer Sols., Inc.*, No. 14-0663, 2014 WL 2168931, at *1 (S.D. W. Va. May 23, 2014). Therefore, while it is true that not every dispositive motion justifies a stay, *Wymes*, 2012 WL 1819836, at *4, *4 n.9, a motion that may resolve the entire action favors a stay on the basis of judicial economy.

Defendants' Motion to Compel Arbitration is potentially dispositive. The Federal Arbitration Act "reflects 'a liberal federal policy favoring arbitration agreements,'" directs claims to be subject to arbitration, and requires a stay of litigation in federal courts. *Adkins v. Lab. Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *see also* 9 U.S.C. § 3. To require discovery now, when the question of arbitrability is now pending, risks depriving the parties of the benefits of their bargain (assuming the Court finds the parties agreed on such benefit) and, instead, imposes undue and potentially duplicative expense. *See Pilkington v. Nat'l Oilwell Varco L.P.*, No. 22-0825-KGB, 2024 WL 3967638, at *4 (E.D. Ark. Aug. 28, 2024) (finding that "a stay is appropriate to determine Defendants' rights related to arbitration[, and] the absence of a stay would be prejudicial to Defendants' rights to arbitration if such rights exist"); *Rosales v. Coca-Cola Sw. Beverages LLC*, No. EP-18-361-PRM, 2019 WL 13255746, at *1 (W.D. Tex. Apr. 3,

5

2019) (finding that the defendant "would face prejudice and undue expense if the Court allows Plaintiff to use the discovery mechanisms designated for civil litigants in a case that may ultimately be referred to an arbitrator"). Therefore, while a dispositive motion does not always justify a discovery stay, "the case for staying discovery [pending resolution of a motion to compel arbitration] is particularly strong . . . because without a stay the advantages of arbitration—speed and economy—are lost forever." *Blair v. Barrett Fin. Grp. LLC*, No. 24-3157-PHX-DJH, 2025 WL 69919, at *1 (D. Ariz. Jan. 10, 2025) (internal quotation marks and citations omitted). These considerations demonstrate that, in this case and at this juncture, judicial economy and hardship to the moving party favor a stay.

Plaintiffs' arguments do not alter this conclusion. As an initial matter, the Court recognizes the valid interest in as speedy a resolution of this case as practicable. But that interest is hardly, if at all, any different from most cases not involving requests for immediate or preliminary injunctive relief. *See Silver v. City of Albuquerque*, No. 22-400, 2022 WL 9348637, at *2 (D.N.M. Oct. 14, 2022) ("Plaintiff's interest in proceeding with discovery is not greater than any plaintiff's 'generic' interest in a quick resolution of his case."). Considering that Plaintiffs notified Defendants of this dispute in May 2023, the parties participated in mediation in December 2023, and Plaintiffs filed this action in November 2024,[2] the Court cannot find the sort of urgency that sets this case apart from the "generic interest in a quick resolution." And because "a stay of discovery does not preclude the possibility of future discovery," *Pilkington*, 2024 WL 3967638, at *4, Plaintiffs' interest in proceeding now does not suggest prejudice that offsets any aforementioned hardship or judicial economy served by a stay. *See Warner*, 2019

---

[2] *See* ECF 23, at 4 (summarizing the timeline of the parties' dispute). Defendants also represent that Plaintiffs sent a December 29, 2023 notice of intent to file arbitration. ECF 23, at 4.

WL 8560152, at *2 (finding prejudice to the plaintiff "minimal" where the "[p]laintiff filed this case less than one year ago and the case is still in its early stages" as "discovery has not yet commenced").

The Court does not agree that Plaintiffs will suffer undue hardship by waiting to conduct discovery. Plaintiffs' counsel contends that Defendants will not suffer undue burden if they must participate in discovery because the pending Motion to Compel will be decided in the near future—that is, the arbitration question will be answered before Defendants spend an inordinate amount of time and expenses on discovery. That cuts both ways, however. A brief delay—measured in days or months rather than years—is more conducive to a stay pending resolution of a dispositive motion. *See Wymes*, 2012 WL 1819836, at *6 (finding that a 90-day stay "spare[s] the parties of unnecessary litigation expenses, . . . [prevents] duplicate costs," and does not require counsel "to reacquaint themselves with the case once the stay is lifted" (internal quotation marks and citations omitted)); *Hewlett Packard Enter. Co. v. Aqua Sys., Inc.*, No. 23-5640, 2024 WL 1159000, at *10 (E.D.N.Y. Mar. 18, 2024) ("[I]t cannot be said that a short stay of discovery for a few months pending the decision of an already fully briefed motion to dismiss will result in a prejudice to Plaintiff."). If this forum is the appropriate one, discovery will commence in the coming months, soon after resolution of the Motion to Compel.

Plaintiffs express concern that evidence may be lost in the interim between now and a ruling on the Motion to Compel. The Federal Rules impose preservation and retention obligations, which are often accomplished with litigation holds and the like. *See* Fed. R. Civ. P. 37(e) (authorizing sanctions where a party "failed to take reasonable steps to preserve" electronically stored information); Fed. R. Civ. P. 37 advisory committee's note to 2006 amendment (referencing litigation holds); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D.

497, 524 (D. Md. 2010) (discussing preservation duties and litigation holds). On the telephone conference, defense counsel represented that a litigation hold has been in place since summer 2023, a few months after this dispute arose and the parties agreed to pre-litigation mediation. *See* ECF 23, at 4. Therefore, the Court joins others who found such efforts mitigate concerns about preserving and pursuing evidence and, as a result, favor a temporary stay pending a dispositive motion filed early in the litigation. *See Hewlett Packard*, 2024 WL 1159000, at *10; *Silver*, 2022 WL 9348637, at *2.

Plaintiffs' counsel further represented that discovery is unnecessary to respond to the Motion to Compel. Had that been the case, the balance may have tilted in Plaintiffs' favor, at least regarding limited, targeted discovery on the question of arbitrability. *See generally Walker v. VXI Glob. Sols. LLC*, No. 19-4846-MLB, 2020 WL 10199575, at *1–2 (N.D. Ga. Mar. 10, 2020) (permitting the parties to move for "limited discovery relevant to" the fact of arbitrability); *Wells Fargo Ins. Servs. USA, Inc. v. Kyle King & Sherman Ins. Agency, Inc.*, No. 15-4378, 2016 WL 6892108, at *5-6 (collecting authority and finding appropriate limited discovery regarding a party's standing to enforce an arbitration clause); *Ebaugh*, 2021 WL 1909792, at *2. Without that need, the balance continues to favor a brief stay of all discovery.

In the end, the undersigned finds that good cause for a stay exists here. Defendants filed a motion to compel arbitration of the entirety of the parties' disputes; the Motion to Compel and for Stay occurred before discovery began; the Motion to Compel will be fully briefed in the coming weeks and thus resolved in the near future; Plaintiffs, the party opposing the stay, do not need discovery on the question of arbitrability; Defendants, the proponent of the stay, imposed a litigation hold shortly after Plaintiffs raised the dispute and sought pre-litigation mediation; the parties have been aware of the underlying disputes for almost two years; and denial of a stay

would cause the parties to lose the benefits of arbitration, if that is the appropriate venue.³ This finding does not reflect a belief that motions to compel arbitration always support a stay of all discovery.

### IV.     CONCLUSION

For the reasons stated above, Defendant's request for a stay is GRANTED, and all deadlines imposed by the Scheduling Order are STAYED pending resolution of Defendants' Motion to Compel Arbitration. If the Court denies Defendants' Motion to Compel and this action remains pending, the parties are DIRECTED to contact the Court within fourteen (14) days to propose a new scheduling order and to request that the Court lift the stay.

Date: March 10, 2025

/S/
Charles D. Austin
United States Magistrate Judge

---

³ In reaching this conclusion, the undersigned takes no position on the merits of the Motion to Compel or Plaintiffs' arguments in opposition. While some jurisdictions employ the "preliminary peek" method to discern whether the dispositive motion is likely to succeed and thus supports a stay, *see Flynn v. Nevada*, 345 F.R.D. 338, 342-46 (D. Nev. 2024), the undersigned is not aware of any courts within the Fourth Circuit who do so or otherwise deem such an assessment as necessary to imposing a stay. Moreover, Plaintiffs had not filed their opposition before the conference call, so the Court could not have assessed the strength of the parties' positions and avoided doing such on the conference call.